Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 5686 | **DATE** | 6/16/2000 |
| **CASE TITLE** | Everett D. Jackson vs. Go-Tane Services Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 7 July 00 at 9:00 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Defendant's motion for summary judgment is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JUN 2 0 2000 date docketed | |
| ✓ | Docketing to mail notices. | | | 27 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| WAP | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



EVERETT D. JACKSON, on behalf
of himself and all other
Plaintiffs similarly situated,

        Plaintiffs,

v.

GO-TANE SERVICES, INC. (Go-
Tane Service Stations, Inc.),

        Defendant.

Case No. 99 C 5686

Judge Harry D. Leinenweber



## MEMORANDUM OPINION AND ORDER

Before the court is defendant Go-Tane Services' motion for summary judgment. In this case, Plaintiff Everett D. Jackson sues Go-Tane under the Fair Labor Standards Act, or "FLSA," 29 U.S.C. § 201 *et seq.* and the Portal-to-Portal Act, 29 U.S.C. § 251 *et seq.* Jackson alleges that he was not properly compensated for his work for Go-Tane.

### FACTUAL BACKGROUND

The following are the undisputed facts as set forth by the parties in their Local Rule 56(a) and 56(b) statements of material facts. The relevant time period, as to Jackson, is his employ with Go-Tane from August 1996 through December 1998. Go-Tane owns and operates retail gasoline service stations and associated convenience food stores in Cook, DuPage, Kane and Kendall Counties, Illinois. During the period from August 1996 through December

1998, Go-Tane also owned and operated a car wash facility at 901 S. Harlem Avenue in Forest Park, Illinois. Certain Go-Tane employees received $325 per week if they worked 48 hours per week, and $360 per week if they worked 54 hours. The parties dispute Go-Tane's label of this position as "manager" and the legal implications of that label. These employees also received paid vacations and medical and dental insurance for themselves and their families.

During the time period relevant to this lawsuit, Donald Adamcyk was Go-Tane's general manager. Jackson began to work for Go-Tane on March 14, 1995 as an attendant at the car wash facility. On August 8, 1996, Jackson was promoted and his salary increased to $325 per week; however, he was not expected work any additional hours. During the period from May 3, 1996 to January 9, 1997, at Jackson's request, he worked as a cashier on the night shift at another Go-Tane station for which he was paid $5.50 and higher an hour. On January 9, 1997, Jackson asked Adamcyk to be relieved of his night shift job, to work only at the car wash and for a raise to $360 per week. In return, Jackson was expected to work 54 hours per week. Jackson was terminated on July 8, 1998.

## DISCUSSION

The court will grant Go-Tane's motion for summary judgment if there are no genuine issues of material fact which require a trial, and Go-Tane is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The court will evaluate the admissible evidence in

the light most favorable to the nonmoving party, Jackson. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, (1986).

In his complaint, Jackson alleges that he was not awarded overtime compensation while he was employed with Go-Tane and to which he is entitled under the FLSA. Go-Tane argues that it should be awarded summary judgment because during the relevant time period, Jackson was employed as a manager and earned a salary and was therefore not entitled to overtime pay. According to the FLSA,

> no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207.

Employers are exempt from the overtime requirements as to their "bona fide executives." 29 U.S.C. § 213(a). Both parties agree that the "short test," which applies to employees who earn more than $250 per week, should determine whether § 213(a) exempts Jackson from entitlement to overtime under § 207. Under the short test, an employee is exempt from overtime compensation "if the employee's primary duty consists of the management of the enterprise in which employed or of a customarily recognized department or subdivision thereof and includes the customary and regular direction of the work of two or more other employees

therein." 29 C.F.R. § 541.119(a), *DiGiore v. Ryan*, 172 F.3d 454, 461 (7th Cir. 1999).

Jackson raises a material issue of fact as to whether he had "the customary and regular direction of the work of two or more employees." 29 C.F.R. § 541.119. In *Secretary of Labor v. Daylight Dairy Products, Inc.*, 779 F.2d 784, 787 (1st Cir. 1985), the court, citing the Field Operations Handbook of the Department of Labors Wage-Hour Division, adopted the following "bright-line rule:" "The equivalent of two full-time employees working 40-hour weeks is any number of part-time employees, as long as the total number of hours supervised exceeds 80." See *Herman v. Harmelech*, No. 93 C 3458, 2000 WL 420839, *7 (N.D. Ill. April 14, 2000) (adopting *Daylight* rule and finding issue of fact as to whether 80-hour requirement was satisfied).

In this case, Jackson avers that "At all times, I would supervise one employee on Fridays, Saturdays and Sundays, the busier days at the car wash. There was never more than one employee at a time with me when I was working at the car wash. When I worked the three of the four other days of the week, I would always work alone." Pl. Aff. at ¶ 1.

In response, Go-Tane argues that in his deposition, Jackson testified that he had three employees working with him. Pl. Dep at 57-58. Review of Jackson's deposition, however, does not reveal that Jackson meant that the three employees worked with Jackson

concurrently. In *Herman*, the court stated that "[o]bviously, the 80-hour requirement would mean little if it could be satisfied by adding the weekly hours of all supervised employees over time." *Herman* at *3.

In fact, Jackson's deposition seems consistent with his affidavit. In his deposition, he testified, "we would have two people on Fridays, Saturdays and Sundays, busy days. But other than that, it was normally like one person . . ." Pl. Dep. at 54-55. Jackson testified that "there was at least, on average, I would say, four employees, including me [on the schedule for the week]." This testimony does not indicate that those employees worked cumulatively and regularly at least 80 hours during which they were supervised by Jackson.

Furthermore, Payroll Records indicate that, subtracting the hours worked by Jackson and adding the weekly hours of the other employees on the schedule, the other employees did not work for a total of 80 hours. For example during the week ending July 11, 1997, the other employees only worked 72.75 cumulative hours. The same is true for the week ending June 20, 1997, in which the other employees only worked for a total of 64.25 hours. This means that there is a question as to whether Jackson's duties included "the customary and regular direction of the work of two or more other employees." 29 C.F.R. § 541.119(a). The court will not engage in an exhaustive search of Go-Tane's payroll records when these

examples at least indicate that Jackson was not customarily and regularly managing "the equivalent of two full-time employees." *Daylight* at 787. In that there is a genuine issue of material fact as to whether Jackson qualifies as a "bona fide executive" under § 213 of the FLSA, the court will not grant summary judgment.

## CONCLUSION

Therefore, for the foregoing reasons, the defendant's motion for summary judgment is DENIED.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Date: June 16, 2000