Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 5686 | **DATE** | 8/18/2000 |
| **CASE TITLE** | Everett D. Jackson, et al. vs. Go-Tane Services, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendant's Motion for Reconsideration is Denied. Plaintiff's Motion to Begin Notice to the Plaintiff Class is Granted, with grammatical changes as noted in the Memorandum Opinion.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| X | Notices mailed by judge's staff. | | 8-21-00 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | BW docketing deputy initials | 39 |
| | Mail AO 450 form. | ED-7 FILED FOR DOCKETING | 8-18-00 date mailed notice | |
| | Copy to judge/magistrate judge. | 00 AUG 21 AM 7:47 | | |
| | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

```
```

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EVERETT D. JACKSON, on behalf of Himself and All Other Plaintiffs Similarly Situated Known and Unknown,<br><br>Plaintiff,<br><br>v.<br><br>GO-TANE SERVICES INC. (Go-Tane Service Stations, Inc.),<br><br>Defendant. | Case No. 99 C 5686<br><br>Judge Harry D. Leinenweber |



## MEMORANDUM OPINION AND ORDER

### INTRODUCTION

Before the court are two motions, defendant Go-Tane Services, Inc.'s ("Go-Tane's") motion for reconsideration and plaintiff Everett D. Jackson's ("Jackson's") motion to begin notice to the plaintiff class. Jackson sues Go-Tane under the Fair Labor Standards Act, or "FLSA," 29 U.S.C. § 201 et seq. and the Portal-to-Portal Act, 29 U.S.C. § 251 et seq.

### FACTUAL BACKGROUND

Go-Tane owns and operates retail gasoline service stations and associated convenience food stores in Cook, DuPage, Kane and Kendall Counties, Illinois.

Jackson worked at Go-Tane's car wash facility. He alleges that even though he received a "salary," he and other similarly situated Go-Tane employees were entitled to hourly compensation,

39

including time and a half compensation, for hours worked in excess of forty hours per week.

## DISCUSSION

"A motion to reconsider, more accurately called a motion to alter or amend a judgment, serves the limited purpose of allowing a court to correct manifest errors of law or fact." *Calderon v. Reno*, 56 F.Supp.2d 997, 998 (N.D. Ill. 1999). In *Publishers Resource, Inc. v. Walker-Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985), the Seventh Circuit held that a motion to alter or amend should not be used to introduce new evidence that was available during the original consideration of the case. This court will only amend its judgment to dismiss this case if the newly discovered evidence reveals "a manifest error of law or fact" in the original decision, so as to enable "the court to correct its own errors and thus avoid unnecessary appellate procedures." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996).

Go-Tane argues that notwithstanding its own time records, Jackson need not have been concurrently physically present with other full-time employees in order to satisfy "the customary and regular direction of the work of two or more other employees therein" component of the short test for determining a "bona fide executive" under the FLSA. 29 U.S.C. § 213(a), 29 C.F.R. § 541.119(a), *DiGiore v. Ryan*, 172 F.3d 454, 461 (7th Cir. 1999).

The cases that Go-Tane cites in its motion for reconsideration are distinguishable from this case. Go-Tane argues that based on

- 2 -

*Sturm v. TOC Retail, Inc.*, 864 F.Supp. 1346 (M.D. Ga. 1994), an employee need not be physically present with other employees to be supervising them. In *Sturm*, the executive exemption applied to convenience store managers who were responsible for filling shift requirements, could schedule 120 hours per week in addition to their own shifts, and were always "on-call." *Id.* There was no evidence presented to this court that Jackson was on-call when other employees were on duty. Of course, one need not be present to be supervising other employees if one is on-call.

In another case cited by Go-Tane, *Haines v. Southern Retailers, Inc.*, 939 F.Supp. 441 (E.D. Va. 1996), the court found that the employee was a bone fide executive in part because even though at times only one supervisee was "assigned" to the store there were other employees who were working at the store with the plaintiff. There was no allegation in this case that employees who were not on the time sheets were actually at the gas station, being supervised by Jackson.

Finally, Go-Tane relies on *Meyer v. Worseley Cos., Inc.*, 881 F.Supp. 1014, 1018, n.1 (E.D.N.C. 1994). The *Meyer* court disagreed with the argument that "one may be found to be supervising other employees only if he physically is present to oversee their work." Taken within the context of the facts of *Meyer*, it can be assumed that the plaintiff was arguing that he was not supervising other employees because he was involved in other activities such as meeting "with the various vendors who made their rounds during the

first shift to deliver inventory. He checked in the merchandise and ensured proper billing." *Id.* at 1016.

It appears that, in *Meyer*, other employees were present, but the plaintiff was not "eyeballing" them. *See Strum* at 1354. This is not the case with Go-Tane. In this case, as this court observed, the time records reflect that there were no employees present to supervise during the weeks pointed out by the court. In fact, in this motion, Go-Tane concedes that the supervisees either were sick or had quit. As Jackson points out "whether Jackson was present or not, there were weeks in which the other employees cumulatively did not reach the 80 hour 'bright line' test." Pl. Resp. at 3.

Go-Tane next argues that in the weeks that there were fewer employees working, it has various excuses which it did not present in its original motion for summary judgment.

"[A] motion for reconsideration is an improper vehicle to introduce evidence previously available." *Bally Export Corp. v. Balicar, Ltd.*, 804 F.2d 398, 404 (7th Cir. 1986). "Filing a motion to reconsider should not be a 'Pavlovian Response' to an adverse ruling." 930 F.Supp 317, 319.

In its original Response to Go-Tane's motion for summary judgment, Jackson entitled a section, "Plaintiff did not 'customarily and regularly direct the work of two or more other employees' as defined by the regulations and case law." The standard for a motion for summary judgment is whether the plaintiff

- 4 -

has raised a "genuine issue as to any material fact." FED.R.CIV.P. 56(c). The court ruled that the time records, for example, evidenced such an issue. Go-Tane is not presenting newly discovered evidence. Therefore, Go-Tane's motion for reconsideration is denied.

The court next addresses the plaintiff's motion to begin notice to the class. According to the FLSA, "[a]n action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b).

Go-Tane objects to Jackson's motion, arguing that Jackson is not "similarly situated" to the employees he seeks to include in the class, the putative class lacks commonality, and Jackson's proposed notice is inaccurate and defective. The court addresses Go-Tane's objections in turn.

First, Go-Tane objects that Jackson's proposed notice includes all employees who have worked in excess of forty hours and have not been paid time and a half. Go-Tane argues that Jackson worked at Go-Tane's one car wash facility, yet he seeks to include employees who worked at Go-Tane's gas station facilities. Go-Tane argues that its other managerial employees supervised between five to seven other full time employees for an excess of eighty hours per

week in the aggregate and cannot be considered similarly situated to Jackson.

Specifically, the language of the proposed notice reads,

> If you have, with [sic] the last three years, been employees [sic] by GO-TANE as a salaried manager and worked weeks in excess of forty (40) hours and believe that GO-TANE SERVICES owe you back overtime compensation, you have right to make your claim as part of this lawsuit.

The court notes that there are grammatical inconsistencies within the amended proposed notice, attached to Plaintiff's Reply, which the court directs Jackson's attorney to address. "With" is to be replaced by "within" and "employees" is to be replaced by "employed."

Employers are exempt from the overtime requirements as to their "bona fide executives." 29 U.S.C. § 213(a). Although Go-Tane differentiates between its other employees and Jackson based on the hours worked and number of employees managed, there are other factors relevant in determining whether the employees are exempt as executives. For example, to be an executive, the employee's primary responsibility must be managerial and his compensation should not fluctuate based on his hours worked. *See* 29 C.F.R. § 541.1(a), *Brock v. Claridge Hotel and Casino*, 846 F.2d 180, 184 (3rd Cir. 1988).

Thus, the court finds that the language of the proposed amended notice, with grammatical corrections, will include similarly situated employees. Although this court ruled on Go-

Tane's motion for summary judgment as to Jackson, this motion did not include members of the putative class, therefore, Go-Tane will have an opportunity to address the merits of the class.

This last comment disposes of Go-Tane's second argument, which is that Jackson's motion fails because the proposed class lacks commonality under Federal Rule of Civil Procedure 23. Go-Tane argues that the § 216(b) class should be determined under the Rule 23 class certification standard.

Go-Tane notes that in *Burns v. Village of Wauconda*, No. 99 C 800, 1999 WL 529574, *3 (N.D. Ill. July 15, 1999), Magistrate Judge Schenkier commented on the potential applicability of the Rule 23 standard in FLSA cases. First, the court in *Burns* did not apply the Rule 23 standard: "the Court finds it unnecessary to decide here which of the competing approaches should be employed in determining FLSA class certification." *Id.* at *3.

Second, in *Woods v. New York Life Ins. Co.*, 686 F.2d 578, 579 (7th Cir. 1982), the Seventh Circuit notes that in contrast to class actions, members of the FLSA representative action "opt in"; therefore, the stricter Rule 23 test is irrelevant and unnecessary because, at this stage, the potential class is uncertain and self selective. As a result, This renders definitive resolution of this debate, whether the class members share common interests is impossible at this point. The court rejects Go-Tane's second argument.

- 7 -

Finally, Go-Tane argues that the wording in Jackson's proposed notice is inaccurate and defective for four reasons: (1) it does not limit the potential class to those employed as managers; (2) it does not designate the relevant period; (3) it misstates the "issues to be resolved"; and (4) it fails to inform the potential plaintiffs that if they lose, they could be assessed court costs and fees.

In response to Go-Tane's first reason, Jackson sufficiently amended the notice to the above-quoted language, which now includes the words, "salaried manager."

Second, in order to address defendant's concern about the relevant time period, Jackson's amended proposed notice includes the language, "up to three years" in the "Your Right to Join This Lawsuit" section of the notice. See King v. ITT Continental Baking Co., No. 84 C 3410, 1986 WL 2628 (N.D. Ill. Feb. 18, 1996)(notice to FLSA § 16(b) class referenced three years); see also Allen v. Marshall Field & Co., 93 F.R.D. 438, 449-50 (N.D. Ill. 1982).

Third, Jackson includes the language proposed by Go-Tane, changing the section "Compensation Issues To Be Resolved" to read, "whether or not salaried employees GO-TANE called 'managerial' actually qualified under the 'executive exemption' which would make such managers exempt from the overtime requirements of the Fair Labor Standards Act."

Fourth, in response to defendant's objection that the notice should warn potential class members that they could be assessed

- 8 -

costs, the court notes that in *King*, the court refused to warn potential participants that they may be liable for Go-Tane's costs because "§ 216(b) specifically directs that prevailing plaintiffs should be awarded attorneys' fees and costs; it is silent as to prevailing defendants. The Court finds that inclusion of such a statement would unreasonably chill participation in this action by potential class members." *King* at *4. The *King* court also reasoned that "[p]otential class members interested in retaining the services of plaintiffs' counsel will undoubtedly inquire on their own." *Id*. Therefore, the language is adequate in the amended proposed notice, appended to Jackson's Reply.

## CONCLUSION

For the foregoing reasons, the defendant's motion for reconsideration is denied. The plaintiff's motion to begin notice to the plaintiff class is granted, with the changes noted herein. **IT IS SO ORDERED.**

                                                Harry D. Leinenweber, Judge
                                                United States District Court

Date: **AUG 1 8 2000**