## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 5686 | **DATE** | 7/18/2001 |
| **CASE TITLE** | Everett D. Jackson vs. Go-Tane Services, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 18 Sept. 01 at 9:00 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Go-Tane's Motion for Summary Judgment is granted in part and denied in part. Go-Tane's Motion is denied as to the plaintiffs in Categories A and B and as to Walter Cunningham and Tracy Smith in Category D. Go-Tane's Motion is granted as to the plaintiffs in Category C and as to Laniese Smith.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUL 19 2001 | |
| | Notified counsel by telephone. | | date docketed | 56 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | FILED FOR DOCKETING | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 01 JUL 18 PM 4: 20 | date mailed notice | |
| WAP | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**RECEIVED**
JUL 18 2001
Judge Harry D. Leinenweber
U.S. District Court

EVERETT D. JACKSON, on behalf
of himself and all other
Plaintiffs similarly situated,

    Plaintiffs,

v.

GO-TANE SERVICES, INC. (Go-
Tane Service Stations, Inc.),

    Defendant.

Case No. 99 C 5686

Judge Harry D. Leinenweber

**DOCKETED**
JUL 19 2001

## MEMORANDUM OPINION AND ORDER

Plaintiff Everett D. Jackson, on behalf of himself and other plaintiffs similarly situated, sues Go-Tane Services, Incorporated ("Go-Tane") under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201 et seq., and the Portal-to-Portal Act, 29 U.S.C. § 251 et seq. Before the court is Go-Tane's Motion for Summary Judgment against the additional plaintiffs listed in Plaintiff's Notice of Filing, with corresponding Notices of Consent, filed on November 8, 2000.

## FACTUAL BACKGROUND

On November 8, 2000, plaintiff filed Notices of Consent pursuant to § 216(b) of the FLSA for twenty-five former employees of Go-Tane. For purposes of this motion, Go-Tane has divided the plaintiffs into four categories, Categories A-D, and the court will

56

use the same categories in this opinion. Go-Tane has moved for summary judgment against all but two of the additional plaintiffs.

The following facts are taken from the parties' 56.1 statements and are undisputed. Category A consists of six employees, Mary Renea Martinez, William C. Ford, Chantell M. Waterpaugh, Kevin J. Bonia, Bonnie D. Bury, and Bette I. Sullivan. Category B consists of ten assistant managers identified as Robert E. O'Neal, Katherine M. Garcia, Melvena Morris, James Norville, Jesleaner Oliver, James Alan Proctor, Jr., Tammie Lynn Pacelt, William L. Galante, Robert Allen Lippert, and Edi Corak.

The following facts are relevant to Go-Tane's motion regarding the plaintiffs in Category B. In January 1999, the U.S. Department of Labor conducted an audit of Go-Tane covering the period from January 1997 through December 1998 and determined that certain employees that Go-Tane had employed as assistant managers during the audit period did not qualify as executive employees and were thus entitled to overtime payment. (Go-Tane's Stmt., ¶ 3.) Go-Tane elected not to dispute that determination and agreed to pay those employees the amounts calculated by the Department of Labor for overtime. With the exception of three employees (O'Neal, Pacelt, and Galante), none of those employees were employed by Go-Tane subsequent to the audit period. In accordance with Department of Labor procedure, Go-Tane issued and mailed checks to those employees at their last known address. (Go-Tane's Stmt., ¶ 4.)

Except for Garcia, Lippert, and Corak, all of the employees received and cashed the checks. Following the Department of Labor's instructions, Go-Tane took the checks from those employees who did not receive and cash them, voided them, and issued a check for the total amount due those employees to the Department of Labor to be held subject to being claimed by those employees. (Go-Tane's Stmt., ¶ 5.)

Further, during the relevant time period, the following employees were employed as managers: Tanya L. Stallings (Likoric), Angela Renee Brierly, Angel M. Torres, Veronica Brown, Darlene Gonzales, Kelliann Gates, Mary Renea Martinez, William C. Ford, Chantell M. Waterpaugh, Kevin J. Bonia, Bonnie D. Bury, and Bette I. Sullivan. *Id.* (Category C). The following facts are relevant to Go-Tane's motion against the plaintiffs in Category C. During the relevant period, Go-Tane owned and operated twenty retail gasoline service stations and associated convenience food stores in Cook, DuPage, Kane, and Kendall Counties, Illinois. Each station was a separate and independent subdivision of Go-Tane's business enterprise. (Go-Tane's Stmt., ¶ 7.) Each gasoline service station/convenience food store had a manager. (Go-Tane's Stmt., ¶ 8.) Last, Category D contains the following three plaintiffs: Laniese Smith, Walter Cunningham, and Tracey Smith.

## DISCUSSION

Summary judgment is appropriate where there are no genuine issues of material fact that require a trial, and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The court evaluates the admissible evidence in the light most favorable to the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

### Category A

Go-Tane argues that the plaintiffs in Category A should not be included as additional plaintiffs in this lawsuit because their employment with Go-Tane did not commence until after the expiration of the relevant period here, which Go-Tane argues is August 1996 through December 1998. Go-Tane argues that these employees are not similarly situated to the named plaintiff because their employment did not overlap with Jackson's employment. Presumably, Go-Tane relies on paragraph 4 of the plaintiffs' First Amended Complaint that lists the dates of Everett Jackson's employment, which ended in December 1998. As plaintiffs point out, however, this court has already approved notice to individuals who "within the last three years" had been employed by Go-Tane. According to the affidavit of Go-Tane's office manager, Annette Anselmo (the "Anselmo Affidavit"), all six of the employees in Category A were employed within the three-year period. Go-Tane fails to cite any cases that support its argument that plaintiffs who fall within the time

- 4 -

period described in the notice but did not directly overlap with the named plaintiff cannot be represented by the named plaintiff. Thus, Go-Tane's motion for summary judgment on the plaintiffs in Category A is denied.

### Category B

Go-Tane argues that the Department of Labor conducted an audit of Go-Tane covering the period from January 1997 through December 1998 where it found that certain employees, the ten employees listed in Category B, employed as assistant managers did not qualify as executive employees and therefore, were entitled to overtime compensation. Go-Tane did not dispute that determination and agreed to pay those employees the amount of overtime pay calculated by the Department of Labor. With the exception of three employees listed in Category B, O'Neal, Pacelt, and Galante, none of those employees were employed by Go-Tane subsequent to the audit period. Further, except for Garcia, Lippert, and Corak, all of the remainder of the employees in Category B received and cashed their checks.

As O'Neal, Pacelt, and Galante were employed beyond the audit period and it is undisputed that Garcia, Lippert, and Corak did not accept their checks, summary judgment is not appropriate on the claims of these six plaintiffs. Thus, of the ten plaintiffs in Category B, there are only four who did not work beyond the audit period and who signed and cashed the checks.

Go-Tane argues that the signatures on the backs of the checks are sufficient to demonstrate that the employees accepted the payments in full waiver of their overtime compensation claims against Go-Tane. In response, plaintiffs argue that Go-Tane has not set forth any documentary evidence that they agreed to any settlement for their backtime wages or any evidence that they signed a waiver pursuant to § 216. Although plaintiffs exclaim "[w]hat was any of the Four agreeing to when they apparently cashed the so-called settlement checks which were forwarded to them?" Plaintiffs have failed to include any affidavits or any other evidence that they did not agree and chose to rely on argument alone.

Fortunately for the plaintiffs, a signed and cashed check is not sufficient to demonstrate a waiver. Under *Sneed*, relied upon by both parties, there are two requirements for a valid waiver under § 216(c): (1) that the employee agrees to accept the payment which the Secretary determines to be due, and (2) that there be "payment in full." *Sneed v. Sneed's Shipbuilding, Inc.*, 545 F.2d 537, 540 (5th Cir. 1977). Further, *Walton v. United Consumers Club, Inc.*, 786 F.2d 303 (7th Cir. 1986), cited by neither party, is directly on point here. In *Walton*, five of the six plaintiffs received and cashed checks pursuant to a Department of Labor investigation. The court explained that "agreement" and "payment in full" as contained in § 216 are two distinct requirements, and

payment alone does not constitute "agreement." Thus, the court found that the employees' cashing of the checks that they received did not release their claims against the defendant, absent any evidence of a waiver or release form. *Id.* at 307.

Here, even though plaintiffs failed to submit any evidence of their own, Go-Tane has failed to meets its burden because it does not set forth sufficient evidence to support a finding that there was an agreement by the employees to accept the payment and to release their claims. *Walton*, 786 F.2d at 306. Therefore, Go-Tane's motion for summary judgment on the Category B plaintiffs is denied.

### Category C

Go-Tane moves for summary judgment against the plaintiffs in Category C, who were managers of Go-Tane's gasoline service station/convenience food stores, arguing that they all qualify under the "bona fide executive" exemption.

Under the Fair Labor Standards Act, employers must pay their employees at least one and a half times their regular wages for the number of hours worked that exceed forty in a given week. 29 U.S.C. § 207(a)(1). Employees "employed in a bona fide executive, administrative, or professional capacity" are exempt from this requirement." 29 U.S.C. § 213(a)(1). To establish that an employee is an exempt "bona fide executive" employee, the employer must show that (1) the employee is one whose "primary

duty" consists of the management of a recognized subdivision of the employer's enterprise; (2) "regularly directs the work of two or more other employees"; (3) "has the authority to hire or fire other employees" or makes recommendations as to hiring, firing, and promoting that are "given particular weight"; (4) "regularly exercises discretionary powers"; and (5) devotes less than 40 percent of the work week to nonexempt activities or "is in sole charge of . . . a physically separated branch establishment." 29 C.F.R. § 541.1; *Murray v. Stuckey's, Inc.*, 939 F.2d 614, 617 (8th Cir. 1991). Further, under the "short test" employees who earn more than $250 per week need satisfy only the first two of the above requirements. 29 C.F.R. § 541.119(a).

Go-Tane submitted an affidavit from Donald Adamcyk, Go-Tane's general manager. With regard to each of the employees in this group, Mr. Adamcyk attests, albeit in a conclusory manner, that (a) he or she was the sole manager in charge of the store during the period indicated; (b) he or she was paid in excess of $250 per week for which he or she was expected to work a minimum number of hours, but no deduction was made from his or her salary if fewer hours were worked; (c) he or she regularly supervised at least five other full time employees in the 24-hour stations and at least four other employees in the 18-hour stations, such supervision included hiring, firing and disciplining, preparing time sheets, responsibility for money received from customers, handling customer

complaints, and being in charge of the facility; and (d) he or she worked concurrently and was physically present with the supervised employees for far in excess of 80 hours per week, he or she was on call 24 hours per day in the event of any problems at the station, and at all times there were at least two other full-time employees physically present and working with such manager during the hours such manager was working at the station.

In response, plaintiffs rely solely on their argument and again fail to cite to any affidavits or other evidence. Thus, contrary to the plaintiffs' argument, the situation is different from what this court dealt with in Go-Tane's previous motion for summary judgment regarding plaintiff Everett D. Jackson, where Jackson created a material issue of fact by pointing to his deposition testimony and affidavit. *See Jackson v. Go-Tane*, 2000 WL 796172, *2 (N.D. Ill. June 15, 2000). Jackson submitted evidence demonstrating that there was a genuine issue of material fact as to whether he qualified as a "bona fide executive," and thus summary judgment was not appropriate. Here, in contrast, the plaintiffs have not pointed to any deposition testimony or any affidavits. Plaintiffs' mere contention that issues of material facts exist is not sufficient to defeat summary judgment.

Plaintiffs argue that Go-Tane's only evidence is the affidavits of its own employees and that affidavits are not sufficient evidence for summary judgment. Plaintiffs have already

taken Mr. Adamcyk's deposition, and they have not presented any evidence attacking his credibility nor have they pointed to any inconsistencies in his testimony or affidavit. Based on the evidence that Go-Tane set forth in its motion and plaintiff' lack of any affirmative evidence or any evidence at all that creates a genuine issue of material fact, summary judgment is appropriate. *See Corrugated Paper Prods., Inc. v. Longview Fibre Co.*, 868 F.2 908, 914-15 (7th Cir. 1989)(summary judgment was appropriate where movant relied solely on its own witnesses' affidavits because non-movant failed to set forth any affirmative evidence, failed to attack the witnesses' credibility, and failed to point to any inconsistencies in the witnesses' testimony.)

### Category D

Go-Tane acknowledges that for the three employees in Category D, Laniese Smith, Walter Cunningham, and Tracy Smith, who were employed as assistant managers for short periods of time, there are questions of fact regarding whether they qualify under the "bona fide executive" exemption. Go-Tane does argue, however, that during the three-week period that Laniese Smith worked for Go-Tane she never worked more than 40 hours per week and is thus not entitled to any overtime compensation citing to Exhibit D attached to Anselmo's affidavit. In their response, plaintiffs concede that Go-Tane is entitled to summary judgment on Laniese Smith's claim.

## CONCLUSION

For the foregoing reasons, Go-Tane's Motion for Summary Judgment is granted in part and denied in part. Go-Tane's Motion is denied as to the plaintiffs in Categories A and B and as to Walter Cunningham and Tracy Smith in Category D. Go-Tane's Motion is granted as to the plaintiffs in Category C and as to Laniese Smith.

**IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

Date: July 18, 2001